BANCO DE PUERTO RICO, ETC., Plaintiff and Appellee, *v.* FRANCISCO DEL MORAL ET UX., Defendants and Appellants. SAME *v.* SAME. SAME *v.* MORAL & CO., *S. en C.,* Defendant and Appellant.

Nos. 6906, 6907, and 6908.   Argued January 21, 1935.—Decided January 24, 1935.

*J. Sabater* and *J. Alemañy Sosa* for appellants.   *García Méndez & García Méndez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee has asked us to dismiss these three appeals upon the ground that the decisions appealed from are not appealable.

The same question is involved in each case. The Banco de Puerto Rico, as liquidator of the Banco Comercial. de Puerto Rico, instituted three summary foreclosure proceedings against Francisco del Moral and his wife and Moral & Co., *S. en C.,* for the collection of certain mortgage credits.

After a demand for payment was ordered to be made and was served upon the debtors, and the debts not having been paid, an order was entered on February 20, 1934, directing the sale of the mortgaged properties at public auction.

At this point, the debtors presented, on March 17, 1934, in each proceeding petitions for stay and for leave to intervene. They set up the falsity of the deeds held by the creditor. The latter opposed the petitions and the court on July 31, 1934, finally denied the petitions and consequently held that a stay was improper. The debtors appealed from these orders to this court.

The applicable law is found in article 175 of the Mortgage Law Regulations, which in its pertinent part provides as follows:

"The summary proceedings referred to in this section can not be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases:

"1. When documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

"2. When an action in intervention of ownership is filed, necessarily the title of the ownership of the estate in question recorded in favor of the intervener under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3. When a certificate from the registrar is presented to the effcct that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence.

"In the first case, the suspension shall continue until the criminal proceedings are concluded, and they may then be resumed if the forgery is not established.

"In the second case, it shall continue until the proceedings in intervention shall have been disposed of.

"In the third case, the judge shall order the parties to appear before him for a hearing four days after service of summons; he shall hear the parties, consider the documentary evidence they may

present, and render a decision in the form of an order on or before the second day.

"An appeal may be taken from this decision both for a stay and review, if it orders the suspension of the proceedings."

This is conclusive. An appeal lies only from an order granting a stay. Here it was denied. The appeal is improper.

In attacking the motions to dismiss, the debtors contend that—

"The present state of the law renders the provisions of article 175 of the Mortgage Law Regulations as to the requirements for obtaining a stay of the summary foreclosure proceedings on the ground of the falsity of the mortgage deed, obsolete in view of the provisions of section 2 of the Code of Civil Procedure making civil and criminal actions entirely independent, as was held by this Hon. Supreme Court in the cases of *Zalduondo* v. *Sánchez*, 15 P.R.R. 216, and *Guzmán* v. *Vidal*, 19 P.R.R. 800. The provision of article 175 that only an order granting a stay of the summary proceeding is appealable is equally obsolete, in that it grants to one party a right which it denies to the other and in that it is contrary to the provisions of our Organic Act and of the Constitution of the United States which recognize equal opportunities to all parties before the law."

The first question which is raised goes to the merits of the appeals. This cannot be considered since the only ground set up for dismissal is that the orders of which the debtors complain are not appealable.

As to the second question, the debtors have limited themselves to the mere statement of a legal conclusion without reasoning or the citation of authorities to sustain it. We have not been convinced that the allowance of an appeal only in case of an order granting a stay is contrary to our Organic Act or to the Constitution of the United States. In our opinion, it is in harmony with the rapidity of the proceeding which is one of the essential purposes of the special law upon the subject, and does not mean that the debtor is without any remedy to defend his rights.

The appeals must be dismissed.